## M. L. Mock *v.* The State.

Refusal to Render Tax-List.— By the literal import of article 113 of the Penal Code it is *ipso facto* a misdemeanor to refuse or neglect to make out and render the list of taxable property when called on in person by the assessor or his deputy; but article 4716 of the Revised Civil Statutes authorizes a delinquent to exculpate himself before the board of equalization, and, if he fails to do so, requires the board to return his name to the assessor on the list of delinquents presentable to the grand jury. *Held,* that the penal enactments on this subject must be construed in connection with correlative provisions of the Civil Statutes; and therefore, notwithstanding the literal import of said article 113, no criminal prosecution of such a delinquent can be maintained before he is allowed opportunity to exonerate himself before the board of equalization. See the opinion *in extenso* on this topic, and note the civil enactments collated therein.

APPEAL from the County Court of Smith. Tried below before the Hon. C. G. WHITE, County Judge.

The deputy assessor testified that, on January 29, 1881, he called on the appellant at Troupe, in Smith county, for a list of his taxable property. Appellant refused to make out the list, and said he had got into trouble the preceding year by rendering his tax-list to a deputy assessor, and that he intended to go to Tyler, the county-site, within a few days, and would there render his tax-list to the assessor himself. The witness said that he was a legally qualified deputy. Appellant replied that he did not know him as such, and demanded some proof of his authority. Witness showed no other authority than the official books and papers he had with him.

It was admitted by the prosecution that the appellant did, on February 7, 1881, render his taxable property to the assessor at Tyler. On the 10th of the same month the county attorney filed the information on which this prosecution ensued. It was based on the affidavit of the deputy assessor who had called on defendant at Troupe. The jury found a verdict of conviction, and assessed the fine at twenty dollars.

*G. W. Chilton,* for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

WINKLER, J. The information purporting to be founded on the written affidavit of one B. F. Overton, charges "that heretofore, on the 29th day of January, A. D. 1881, in the county of Smith and State of Texas, one M. L. Mock, having been called upon in person by the said B. F. Overton, who was then and there a deputy tax assessor in and for the county of Smith, did then and there wilfully fail, refuse and neglect to make out and render a list of his taxable property owned by him on the 1st day

of January, A. D. 1881, in said county of Smith, as required by law."

This prosecution is based upon article 113 of the Penal Code, which, so far as this case is concerned, is as follows: " If any person shall refuse or neglect to make out and render a list of his taxable property when called upon in person by the assessor of taxes or his deputy, . . . he shall be fined in any sum not less than twenty nor more than one thousand dollars." In *Berry* v. *State*, 10 Texas Ct. App. 315, this court had under consideration a case quite similar to the present, and in which it became necessary to construe the same article of the Penal Code under which this appellant is prosecuted. In that case this court held as follows: " This statute must necessarily be taken and construed in connection with article 4680 of the Revised Statutes," and setting out its requirements so far as applicable to that case.

On the authority of Berry's case, and in pursuance of the well settled rule of construing statutes that, in order to determine the exact legislative intent, it is proper to consider all of the statutes in *pari materia*, we will look to all the laws in force on the subject of collecting taxes, in order that we may arrive at a proper construction and application of those portions of the penal laws by which those who neglect or fail to perform the duties required of them by the general law become amenable to criminal prosecution.

The Civil Statutes on the subject of taxation are embodied in Title XCV, Chapters 2 and 3 of the Revised Statutes, and include the articles hereafter referred to. Article 4669 requires that " All property, real, personal or mixed, except such as may be hereinafter expressly exempted, is subject to taxation, and the same shall be rendered and listed as herein prescribed." Article 4670 defines what is embraced in the term *real property* as applied to taxation, and article 4671 is intended to perform a similar

office with regard to personal property. While article 4672 is made up mainly of definitions, article 4673 is intended to enumerate the various kinds and descriptions of property which is exempt from taxation, and includes eleven different classes. Article 4674 directs that all property shall be listed for taxation between January 1st and June 1st of each year, etc., and article 4675 prescribes the manner in which property shall be listed or rendered for taxation. Article 4676 relates to the place where property shall be rendered for taxation. Articles 4677 and 4678 relate to steamboats, railroads and the like, and prescribes how and where such property shall be rendered for taxation. Article 4679 relates to property of the taxpayer belonging to other persons, and prescribes their duties with reference to such property. Article 4680 provides as follows: "Each person required by law to list property shall make and sign a statement, verified by his oath, as required by law, of all property, both real and personal, in his possession or under his control, and which he is required to list for taxation, either as owner or holder thereof, or as a guardian, parent, husband, trustee, executor, administrator, receiver, accounting officer, patron, agent or factor." Article 4681 prescribes what the statement mentioned in article 4680 shall contain, including forty-six different paragraphs or clauses. Article 4682 relates to certain portions of credits and shares which are not required to be listed for taxation, and the note thereto relates to the repeal of the dog-tax. Article 4683 prescribes the manner of listing or rendering real estate and what the statement must contain. Article 4684 relates to banks, brokers, and the like, showing what they are required to render for taxation, and the time and manner of doing it, and what shall be listed as money, what as personal property, and the like. Article 4685 relates to certain deductions therein specified. Article 4686 gives the duty of railroad corporations, specifying their duties

in regard to listing property for taxation; and article 4687 is on the same subject. Article 4688 relates to taxes of property of private corporations. The remaining articles of this chapter relate to details, and have no bearing upon the present inquiry.

Some of the articles in the succeeding chapter, 3, of the same Title may be referred to as bearing upon the proper application of the penal law. This chapter, besides providing for the election and qualification of assessors and the filling of vacancies, in article 4699 gives authority to assessors of taxes to appoint one or more deputies to assist him in the assessment of taxes, and article 4700 gives authority to the deputies appointed in accordance with the provisions of article 4699, to do and perform all the duties imposed on and required by law of assessors of taxes, and renders the deputy's acts as binding and valid as if done by the assessor of taxes in person. In article 4707 it is provided that "If any person who is required by this title to list property shall be sick or absent when the assessor calls for a list of his property, the assessor shall leave at the office or usual place of residence or business of such person, a written or printed notice requiring such person to meet him and render a list of his property at such time and place as the assessor of taxes may designate in said notice. The assessor of taxes shall carefully note in a book the date of leaving such notice." Succeeding articles relate to the duties of assessors on failing to obtain a list from the taxpayer and prescribes forms and the like for making assessments of taxes. Article 4713 requires assessors to use the forms and follow the instructions prescribed by the comptroller of the State.

Boards of equalization are also provided for, and by article 4716 it is provided that "The assessors of taxes shall furnish the board of equalization, on the first Monday in June of each year, or as soon thereafter as practicable, a certified list of names of all persons who either

refused to swear or qualify, or sign the oath or affirmation as prescribed in this title; also a list of the names of those persons who refused to render a list of taxable property as required by this title. And should any person so failing or refusing to take the oath prescribed, or to render a list of their property, or to subscribe to the oath as required by the provisions of this title, fail to give satisfactory reasons for such failure or refusal to the board of equalization within one month from the date of the filing of said list by the assessor as required by this article, the board of equalization shall return a list of all persons who have failed to give satisfactory reasons for such failure or refusal to render, qualify, or subscribe to the oath or affirmation, as the case may be, to the assessor of taxes, who shall present said list to the grand jury of his county next impanneled after the board of equalization has furnished him with the list above required." The article of the Penal Code under which the present case is prosecuted, already referred to as article 113, is here placed in juxtaposition to article 4716 of the Revised Statutes, just cited, and is as follows: "If any person shall refuse or neglect to make out and render a list of his taxable property when called upon in person by the assessor of taxes or his deputy, or shall fail or refuse to qualify to the truth of his statement of taxable property, or shall fail or refuse to subscribe to any oath or affirmation required by law in the rendition of taxable property, he shall be fined in any sum not less than twenty nor more than one thousand dollars."

It will be observed that by the letter of this article of the Penal Code the bare failure or neglect to do the particular thing required would, on conviction of the delinquent, subject him to the fine imposed by this article, and that no provision is made for any excuse whatever which would relieve him from the penalty; whereas by the Civil Statutes on the same subject he would be entitled to give

a satisfactory reason for such failure or refusal to the board of equalization within one month from the date of the filing of the list by the assessor. The list of delinquents is required to be furnished by the assessor to the board of equalization on the first Monday in June of each year, or as soon thereafter as practicable. Rev. Stats. art. 4716. He is not liable to have his name returned unless he fail to give satisfactory reasons for such failure to the board of equalization within one month of the date of the filing of the list by the assessor, and it is not until after all this has taken place that the statute requires that the list shall be given by the board of equalization to the assessor, and he is required to present the list to the grand jury. To our minds the law never contemplated that a criminal proceeding should be resorted to until the civil remedies for the collection of taxes had been exhausted, or that the criminal law can be resorted to until the person in default has been afforded the opportunities prescribed by the Civil Statutes in order to excuse himself for the seeming neglect or failure to do the thing the law required of him. It is worthy of note that the concluding portion of article 4716, Revised Statutes, seems to indicate when criminal proceedings may be resorted to against the one in default, by the provision, among others, that, upon his failure to give satisfactory reasons for his default, the board of equalization shall return the list to the assessor, and that he shall present it to the grand jury. The law requires that the assessment of taxes shall be made between the 1st day of January and the 1st day of June of each year, and the list of those who have failed to return their lists of taxable property is required to go into the hands of the boards of equalization by the first Monday in June thereafter. So that, in our opinion, the taxpayer must have an opportunity to exculpate himself before the board of equalization, before he would be amenable to the penal statutes.

In the present case against the appellant the prosecution was commmenced on February 10, 1881, for failing and refusing to render a list of his taxable property on January 29, 1881. It was admitted that the defendant had rendered a list of his taxable property in Tyler on February 7, 1881, which was before the prosecution was commenced against him. So that, whether he was in default or not in the first instance, he had set himself right before he was prosecuted criminally.

We do not deem it important or necessary to discuss the questions raised upon the evidence and set out in the records. For the reason that, in our opinion, the prosecution was commenced prematurely, the judgment of the County Court will be reversed, and the prosecution will be dismissed.

*Reversed and dismissed.*